UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VALERIE CASKEY<br>Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC<br>Defendant. | Case No.<br>Hon. |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in Davison, Michigan ("here"), Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Valerie Caskey is a natural person who resides in Davison, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendants Frontline Asset Strategies LLC (hereinafter "Frontline") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. On information and belief, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon a debt for an

auto loan that went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(4).

7. On information and belief, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Frontline for collection from Plaintiff.

8. Plaintiff has a legitimate expectation that Defendant follow applicable law.

## FIRST VIOLATION – FDCPA

9. Defendant sent Plaintiff a letter dated June 6, 2014 that represented Plaintiff was liable on a debt.   (Ex. 1).

10. Plaintiff was not personally liable on the debt at the time Defendant sent the letter.

11. Defendant had at least a couple weeks to stop the collection action prior to deciding to send this letter.

12. Defendant has an obligation to comply with all provisions contained within the FDCPA.

13. Defendant has a duty to not send communications that are deceptive or misleading.

14. Defendant failed to check for bankruptcy filings before sending a 15 U.S.C. 1692g letter.

15. Defendant does not procedures in place to prevent the above violation.

## DAMAGES

16. Defendant's acts have caused Plaintiff to suffer from indignation as well as statutory damages.

17. These collection communications were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10).

## CAUSES OF ACTION
## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. Defendant violated 15 U.S.C. § 1692e(10) by asserting Plaintiff was personally liable on a debt that she was not liable for, Defendant made a false representation or deceptive means to collect or attempt to collect a debt.

21. violated 15 U.S.C. § 1692e(10) by asserting it had the right to hold Plaintiff liable on the debt when a court order was in place disallowing such action, Defendant made a false representation or deceptive means to collect or attempt to collect a debt.

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

Amend. 7. Fed.R.Civ.P. 38.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: October 21, 2014

Respectfully submitted,
*/s/ Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff